# C & L CONSTRUCTION

v.

**Robert G. CANNON, Vicki G. Newberg, Acting Director of Special Fund, Ronald L. McDermott, Administrative Law Judge, and Workers' Compensation Board, Appellees.**

No. 93–SC–780–WC.

Supreme Court of Kentucky.

Sept. 29, 1994.

Carole Meller Pearlman, Louisville, for appellant.

Karen Alderdice, Paducah, for appellee Robert G. Cannon.

David R. Allen, Louisville, for appellee Special Fund.

## OPINION OF THE COURT

This workers' compensation appeal presents a single issue: whether the legislature intended that the employer must reimburse

an injured employee's reasonable post-award travel expenses incurred in obtaining medical treatment.

In 1991, Cannon moved to reopen his award on grounds that C & L refused to pay a mileage-based reimbursement for Cannon's out-of-town travel for treatment of his work-related injury. The Administrative Law Judge, the Workers' Compensation Board, and the Court of Appeals all have held that Cannon is entitled to reimbursement, and C & L appeals. We affirm.

KRS 342.020 provides, in part:

[T]he employer shall pay for the cure and relief from the effects of an injury or occupational disease the medical, surgical, and hospital treatment, including nursing, medical, and surgical supplies and appliances, as may reasonably be required at the time of the injury and thereafter during disability, or as may be required for the cure and treatment of an occupational disease.

C & L contends that this statute simply reveals no intention to provide for reimbursement of travel expenses incident to medical treatment. By including particular items, it is argued, the statute impliedly excludes all else, and agencies and courts ought not to go a-legislating.

The statute is less clear to us than to C & L, and we believe it lends itself to a degree of interpretation. Surely, "cure and [/or] relief" is the end which the General Assembly aims to achieve; "treatment" is a means. But whether the primary mandate of section .020 is that the employer shall "pay for the cure and relief" of the injury, or on the other hand that it shall "pay for ... treatment," etc., neither predicate excludes payment for reasonable expenses incident to realizing the end or employing the means. One entitled to be treated is entitled to attend the treatment. We believe the General Assembly intended "cure," "relief," and "medical treatment" to include their necessary concomitants, including, in this case, travel.

C & L argues that the opposite intention—to exclude travel expenses under KRS 342.020—is evidenced by the legislature's specific *inclusion* of travel expenses in other contexts. KRS 342.316(2)(c)2 expressly provides for travel expenses when the employer, upon receipt of notice of claim, exercises its right to have the claimant examined by medical experts for evidentiary purposes. At this pre-award stage, however, the claimant has no entitlement under KRS 342.020, and there is reason to provide that the employer shall bear the expense nonetheless, if that is the legislative intent. Similarly, KRS 342.205 requires the injured employee to submit to examination upon the employer's request, and provides for reimbursement of related travel expenses. Again, the expenses incurred in this context are not incidents of the employee's entitlement to treatment, but of the employer's right of continuing investigation. If the cost is to be severed from the right, it is appropriate to say so.

We find nothing in these sections to derogate our holding with respect to KRS 342.020. Indeed, they perhaps reinforce it, inasmuch as the legislature required the party benefitted by these sections to pay the expense, but expressed no such intention in KRS 342.020.

No issue is presented or decided as to the reasonableness of the claimed expenses, or their amount (apart from all or nothing). Neither do we consider or decide the ramifications, if any, of the 1994 amendments to Chapter 342. All obligations to reimburse are subject to limitations stated in the act, and to challenge before the Administrative Law Judge. *See Square D Co. v. Tipton,* Ky., 862 S.W.2d 308 (1993); KRS 342.020; KRS 342.035.

The decision is affirmed.

All concur.